*101 Opiniqx of the Court. — -In this case both parties appealed from the decree of the Fayette circuit court; so that it will be the duty of this court to determine whether that court decreed more or less, or otherwise, for or ggainst either of the parties, than it ought to have doné.
Inequity the complainant muft ihew that he has a good and fuperior equitable right to the thing demanded, before he can wreftthe legal title out of the defendant, whatever were the means by which it was acquired*
Where the equity is equal, the law muft prevail.
A furvey is no legal appropriation ofland, unlefs it be made in purfu-anee of the entry.
Nor does the regiftering it place it in a better fituation.
The patent is an appropriation of land.
There is no a£fc between the entry and patent which is an appropriation of land.
The manner of furveying an entry diredted, which calls to lie on a water courfe and to include an improvement.
Francis Patterson’s devisees, who were complainants in that court, claim the land in contest by virtue of a certificate for a pre-emption of 1000 acres, granted the said Francis by the court of commissioners on the 17th day of January 1780, which is in the following words, to wit':
“ Francis Patterson, by Robert Patterson, this day claimed a pre-emption of 1000 acres of land, at the state price, in the district of Kentucky, lying on the north fork of Cane run, to include his improvement,and to extend westwardly for quantity, by marking and improving the same in the year 1776. Satisfactory proof being made to the court, they are of opinion that the said Patterson has ¾ right to a pre-emption of 100,0 acres, to include the said improvement.”
And by virtue of an entry on a pre-emption warrant, made thereon on the fourth day of December 1782, in, the following words :
“ Francis Patterson enters 1000 acres of land on a, pre-emption wax-rant, No. 852, on Cane run, a south branch of north Elktiorn, where John Maxwell’s east, line strikes M’Dowell’s, with Maxwell’s line 400 poles, and with M’Dowell’s north and east line at right angles for quantity, to include his improvement.”
Upon which a survey was made on the 15th day of February 1783, which survey was returned to theregis-tei-’s office^on the 16th day of February 1784.
John Bradford claims part of the land in contest by virtue of an entry made on a treasury warrant, for 600. acres, on the 26th day of June 1784, and another part thereof by virtue of a certificate and entry for a settlement of 400 acres, as assignee of James Bryant.
On the 11th day of May 1784, John Bradford enter-, ed a caveat against the said Francis Patterson, to prevent the issuing of a grant upon his said pre-emption, survey, “ because (as the said caveat alleged) the said John Bradford claimed part of the land by virtue of a certificate for settlement, as assignee of James Bryant, and other part thereof under a treasury warrant specially entei-ed ; the said pre-emption not being surveyed agreeably to the entry made with the commissioners and county surveyor.”
This caveat came to trial in the late supreme court for the district of Kentucky, at the March term 1787 ; *103 and the plaintiff, Bradford, after the jury had agreed upon a verdict, suffered a nonsuit, and judgment for costs in the caveat was’ given against him.
An entry call* to run a given courfe toa marked corner; the line ihould be run to the corner, though it varies from thecourfe — .See Boj<worth vs* MuxweU9J>oJi.
Calls in an entry rejedled, being inconfif-tent with other controling calls.
Pre-emption entries are to be compared with their certificates, to fee if there be a deviation therefrom which will de-ftroy their dignity as pre-emptions,
If the entry with the fur-veyor on a preemption warrant omit a call contained in its certificate, it cannot be fupplied by taking the certificate an<{ entry together, as is done on fetlement en» tries.
But the pre-fumption is, that the pre-emptioner intended to appropriate the fame land called for in his certificate. ualefs a. iion'Te indie a-fed.
*103 During the pendency of the caveat, John Bradford made the before mentioned entry of600 acres ; caused a survey thereof to be made, and obtained patents both for the 600 acres and for the settlement right ; but did not obtain a patent upon the treasury warrant entry mentioned in-the caveat.
It has been contended by the counsel for Patterson’s devisees, that as between the parties to a caveat the patent of the defendant in the caveat ought to be considered as bearing date when it would have issued ; or if not, in general, it ought in cases like the present, where (as is alleged) the plaintiff in the caveat has been guilty of fraud. And it has further been contended, that if these points are not tenable, that still Bradford, as to the treasury warrant entry of 600 acres, ought to be decreed to convey on the ground of the previous survey and registry of Patterson’s claim.
It is a well established rule of law, to which the court can find no exception, that the plaintiff must recover by the strength of his own title, without regard to the weakness of the defendant’s. And the analogous rule in equity, that the complainant must shew he has a good and superior equitable right to the thing demanded, before he can wrest the legal title out of the defendant, whatever may be the means by which it was acquired ; seems to be equally well established, and so far as the court can discover, is equally free from exception.
These rules are deducible from the principles of natural law. If the complainant has no right, it must be wholly immaterial to inquire whether the defendant’s title is good or bad. It is a maxim in courts of chancery, that where the equity is equal, the legal title must prevail ; from which it is obvious that where neither party has a good equitable title, the complainant cannot recover.
Many authorities have been cited in the argument, to prove that equity will redress wrongs, and prevent mischief ; which is certainly true, when applied to the case of one prosecuting his legal or equitable right which has been infringed ; but none of the cases prove that either a court of law or equity can give relief to those who *104 have no right: indeed it would be strange if such a case j- , • ° ° did exist.
If the court were to consider Patterson’s devisees, who' were Complainants in this case, as holding the elder patent, it would at once overturn these well established principles. It would, in fact, be, to convert the complainants into defendants, and thereby enable them to recover ■> n°t by the strength of their own equity, but by the weakness of Bradford’s, who is really the defendant, and holds the legal title.
But it is urged that Bradford, as to the 600 acres entry, should be decreed to convey on the ground that Patterson’s claim had been surveyed and registered before that entry was made.
This question, it is believed, has not been heretofore directly decided in this court. But the supreme court of the United States has decided in the case of Wilson vs. Mason (a), that a survey is no legal appropriation of land, under the land law of Virginia, unless it is made pursuant to the entry^ so as to prevent others holding warrants under that law from entering the same. And although the decisions of that court may not necessarily form a precedent for this court, yet its decisions are .certainly entitled to high respect.
Besides, this court approve of the general principles of that decision. The land law of Virginia under which those claims are derived, only aüthorised a survey to be made of lands previously entered for in the manner prescribed by law. Every survey, therefore, made upon other ground than that appropriated by the entry by virtue of which it purports to be made, was an unauthorised and illegal act; and could confer no right as against other purchasers under the law’s Of Virginia.
And this court cannot think that the survey having been registered, can place it in any better situation; The returning of the plat and certificate of survey to the register’s office, is the party’s own act; and the commonwealth so far has done nothing confirming the survey, or waving the illegality of it. And although the party, by proceeding thus far upon an illegal survey, may have bound himself sp that he cannot retract, it does not follow that others shall also be bound thereby. The contrary seems deducible from the law. A caveat may be entered against such illegal survey at any time before the *105 gffant issues, and the illegality thereof called in question in that mode of trial at law, which cannot be done after the patent issues.
^ ar(¡ Keene Kenton and Fra-wer> anu lz• -
But it is urged, that there must be some point at which land surveyed contrary to entry, would not be subject to appropriation by others. And several former decisions of this court have been cited, in which it has been determined, that after a patent has issued the land cannot be entered for by another. And it has been contended, there is the same reason for deciding that it cannot after the survey has been registered.
■ There is an obvious diffe.ence between the cases. When a grant issues, the commonwealth divests herself of the legal title to the land, and vests it in the grantee. She may fairly be presumed, from the act of granting, to have confirmed the survey, andtohave waved, on her part, all objections to its legality. Until the patent issues, the legal title is in the commonwealth. Other persons holding warrants would therefore have a right to ¡purchase it, or make an entry upon it, unless the party holding the survey had acquired a prior or better equitable title thereto ; which this court is of opinion could only be done by having made a special entry therefor, authorising the survey.
As Patterson’s survey is confessedly made contrary to entry, in part, it will become necessary to ascertain how far the entry is special, and how far the survey is conformable thereto. It has not been attempted^ to shew that the entry is wholly vague and uncertain, and if it had been made must Have been unsuccessful.
This court is of opinion that Nathaniel Evans’s settlement entry, as assignee of John Maxwell, should be surveyed in a square figure, with lines to the cardinal *106 points, including the improvement on the connected plat, made by Robert Patterson^ in the centre.*
*107 The pre-erUptionentry of Nathaniel Evans, assignee pf John Maxwell, called for in Patterson’s entry by the name of Maxwell’s line, calls for — ⅜-
“ Beginning: at the north-west córner., of Samuel M’Dowell’s survey of 2000 acres, on the waters of Cane run, to run from thence north-west to Col, Christian s survey, thence south 70 degrees east along said liiie a, sufficient distance to include the said 10(X) .acres, and also the settlement of 400, and malting, .an acute single to Strike Col, M’Dowell’s north lipe 300 poles front the' beginning.’’
All the calls of this entry canUpt be strictly complied, with, for a north-west course from the beginning will not. strike Christian’s line, and a part of the settlement of 400 acres will lie within Christian’s military survey, with the line of which the pre-emption entry calls to run. The locator must be presumed to be acquainted with Christian’s line, which. was a visible marked boundary, an immediate object of the senses, and his intention to . run to it cannot therefore be reasonably doubted. But the true course which would enable him to get to Christian’s line was not traced out by any marked or visible line, but only an ideal one, so that he might very readi-lybe mistaken in the true course. The courtis therefore of opinion, that to conform to that call of the entry, as near as the reason of the thing will permit, Maxwell’s, that is, Evans’s pre-emption line, should fun from the beginning» as near a north-west course as may be, so as to strike 'Christian’s corner at the letter ¾. on the plat.
The same' reasons advanced aboye, with regard to the call for a north-west course, will apply with equal force to the call to include the settlement of 40Qacres, the whole of which cannot be included without departing from the call to run with Christian’s line, a visible marked boundary. The court is therefore of opinion that Evans’s, that is, Maxwell’s, should run with Christian’s line so far as that a line'run from Christian’s line (or a continua-» tion of i ts course, if necessary,) will strike Col. M ’Dowell’s north line 300 poles from the" place of beginning, so as to include 1000 acres for .the pre-emption, and also so much of the settlement as lies south of Christian’s line, ated will be included within the aforesaid boundary.
*108 Some difficulties present themselves in deciding how Patterson’s pre-emption entry should be surveyed. It is contended the call to include his improvement should be rejected, and that the entry can derive no aid from the certificate. They certainly are to be compared together for the purpose of discovering whether the entry has departed from the ground occupied by the certificate, so as to lose the dignity of a pre-emption, or not. By making the comparison, the inquirer would have seeri that the certificate called to “ include his improvement on the north fork of Cane run,” and to extend westwards for quantity. And although if the entry had not called to include his improvement, that call could not have been supplied by taking the entry and certificate' together, as wouldbe done in the case of a settlement entry and certificate ; yet when both the certificate and entry call to include his ' improvement, it is fairly to be presumed the same one was intended in both, unless the other calls of the entry indicate a different intention ; which is not the case in the entry under consideration. '
It is proved in the cause thatatthe time Col. M’DowelL went with a company from Lexington, upon notice given in that place, to trace the lines of his military survey, which was prior to the date of Patterson’s entry, Robert Patterson shewed the improvement at the letter G, on the north fork of Cane run, to some of the company, and informed them it was Francis Pattersonls improvement.
It is also proved that at that time it Was discovered the improvement ort the south fork, near' the letter I, was within M’Dowell’s military survey. These circumstances strengthen the presumption that the im-jnovement at G, on the north fork, was the one called for in the entry. Besides, the improvement at I, could not be included without crossing and going outside of the boundary lines, which are certainly given in the entry, when the improvement at G, is found in the direction which the entry shews the locator intended to run off from the given lines for his quantity. 'A subsequent locator would, from reading the entry, be induced to search for the improvement in the quarter where it is found. It was at a large spring, upon or hear the north fork of Cane run ; and as improvements were very generally made on water courses and at springs, an inquirer would naturally have searched up the branch for it; *109 and if he had done so, he. in searching a reasonable distance, might have certainly found it. There is no proof that any other improvement existed near it, so as to ren-del-it doubtful, when found, whether it was the one in- , , . \enclecl«
^ The court is therefore of opinion, that the call for the improvement cannot be rejected, and that the circuit court decided correctly in directing the improvement at G, to be included in Patterson’s survey.
But this court is of opinion the circuit court erred as tp the manner in which they have directed the survey to be made, It is a reasonable rule in the construction of entries, that the survey shall be made in a right angled figure, with the opposite lines of equal length, unless the calls of the entry require a different figure. And this rule corresponds with what aeems to have been the intention of Patterson’s entry, and could have been applied with little variation, if the locator had not been mistaken in the quantity of ground which would be embraced in such a survey, including the improvement.
If the situation of the improvement had permitted, the court would have directed the upper line of the survey to be made as long as the lower one of 400 poles called for in the entry. But from the situation of the improvement, too much land would be included in the survey, if that were done. The upper end of the survey thenshould be made as wide, or in other words, the upper line as long, as the situation of the improvement arid the other calls in the entry will permit. This court is therefore of opinion, that Patterson’s survey should begin where Evans’s upper line, assignee of Maxwell, strikes M’Dowell’s line, and run the course of Evans’s, or Maxwell’s line, of whom Evans' is assignee, 400 poles, and from the beginning with M’Dowell’s line to his north-east corner ; and then with M’Dowell’s east line so far that a line drawn at right angles thereto will barely include Patterson’s improvement, at G, from which a line should be extended at right angles to the last mentioned line, so far as that a line from the termination thereof to the end of the first line, 400 poles from the place of beginning, will (nplude the quantity of 1000 acres.

«) i Cranch 45-

 Its calls were, f< lying on the north fork of Cane run, about pne mile below the Licking creek road, including an improvement made by Robert P*t«
The following Is .fo much of the connected plat as will fnoW the pofition of the chjé&s, atfd the manner of furveying directed by the court 1

Á» B« C. D.^-A part of M’Dcwell's military furvey.
K. E. F H. — A part of Chriftian’s military furvey.
L. M, N. P. — -Evans, afíignee oí Maxwell’s, fetcleinent, asdireíled tobe furveyed by the court, with the improvement in the centre.
A. E, Q^I. — Evans, aflignee of Maxwell*®, pre-emption, as dire&ed to he fttrveyéd by the court*
I. B. S. C. T. R, ¾-Patterfon’s pre-emption, as dire£ted to be furveyed by the court.
G. — Patterfon’s improvement on the north fork of Cane run.
Near the letter I, and in M’Dowell’s iurvey, was Patterfon’s improvement* on the fouth fork of Cane run.
The line A, E. runs about N. 40 degrees W.
The north fork of Cane run pafi'ed near the letter G. — -The fouth fork near the letter I — They united near N. a«d pafi'ed within a few poles pf Evahifs improvement*